**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **BEN HARRIS,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **V.** | § | |
| | § | |
| **ASCEND PERFORMANCE MATERIALS** | § | |
| **TX, INC.,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**DEFENDANT ASCEND PERFORMANCE MATERIALS TX, INC.
<u>NOTICE OF REMOVAL</u>**

Defendant Ascend Performance Materials TX, Inc. ("Ascend" or "Defendant") files this Notice of Removal to the United States District Court for the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. §§1331 and 1446(a). The grounds in support of this Notice of Removal are as follows:

**A.  <u>INTRODUCTION</u>**

1.      The parties to this lawsuit are Plaintiff Ben E. Harris ("Plaintiff") and Defendant Ascend Performance Materials TX, Inc. ("Ascend").

2.      Plaintiff sued Ascend, alleging that Ascend discriminated against Plaintiff because of his age in violation of the Age Discrimination in Employment Act ("ADEA") 29 USC §623 and Chapter 451.001 of the Texas Labor Code.  This action originated in the 149th Judicial District Court of Brazoria County, Texas, Cause No.117724-CV, styled *Ben E. Harris v. Ascend Performance Materials TX, Inc.*

1

3.      Ascend was served with Plaintiff's Original Petition and summons on May 10, 2022 and is the only defendant. Ascend has filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

### B.  **BASIS FOR REMOVAL**

4.      Removal is proper because Plaintiff's lawsuit involves a federal question. *See* 28 U.S.C. § 1331, 1441(b).  Plaintiff's Original Petition specifically states that Plaintiff asserts claims which arise under the Age Discrimination in Employment Act ("ADEA") 29 USC §623, et. seq.  He also brings supplemental claims under the Texas Labor Code.

5.      All process, pleadings, and orders served upon Ascend as required by 28 U.S.C. § 1446(a) and the other documents required by Southern District of Texas Local Rule 81 are attached hereto as Exhibit "A".

6.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and this Division embrace the place where the removed action has been pending.

7.      Ascend will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action has been pending.

### C.  **PRAYER**

For the foregoing reasons, Defendant Ascend Performance Materials TX, Inc. respectfully requests that the state court action now pending be removed to the United States District Court for the Southern District of Texas, Galveston Division, as well as for such other and further relief as Ascend Performance Materials TX, Inc. may show itself to be justly entitled.

Respectfully submitted,

FOLEY & LARDNER

By: */s/ Rachel Powitzky Steely*
Rachel Powitzky Steely
Texas Bar No. 00792770
rsteely@foley.com
Taylor Appling
Texas Bar No. 24092628
tappling@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-5007
Telephone: (713) 276-5500
Facsimile:  (713) 276-5555

**ATTORNEYS FOR DEFENDANT
ASCEND PERFORMANCE
MATERIALS TX, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served pursuant to the Federal Rules of Civil Procedure on May 31, 2022, to the following counsel of record.

Savannah Robinson
1822 Main Street
Danbury, Texas 77534
savannahrobinson@aol.com

*/s/ Rachel Powitzky Steely*
Rachel Powitzky Steely

3

4857-1517-6482.1

# **EXHIBIT A**

## **Exhibit A-1**

## **INDEX OF MATTERS BEING FILED**

Exhibit A-1:   This Index of Matters Being Filed.

Exhibit A-2:   All Executed Process in this Case.

Exhibit A-3:   Pleadings Asserting Causes of Action and All Answers.

Exhibit A-4:   All Orders Signed by the State Court Judge - None

Exhibit A-5:   Docket Sheet.

Exhibit A-6:   List of All Counsel of Record, Including Addresses, Telephone
Numbers and Parties Represented.

**EXHIBIT A-2**

**<u>ALL EXECUTED PROCESS</u>**

1. Process executed on Defendant Ascend Performance Materials TX, Inc. on May 6, 2022.

Service I.D. No. 228590

```
FILED
At 2:30 o'clock P M.

MAY 03 2022

Donna Starkey
Clerk of District Court Brazoria Co., Texas
BY_____DEPUTY
```

THE STATE OF TEXAS

**CAUSE NO. 117724-CV**
**149th District Court**
**Ben E. Harris**
**vs.**
**Ascend Performance Materials TX, Inc.**

To:   **Ascend Performance Materials Texas, Inc.**                                    Defendant
      **By serving it's Registered Agent**
      **Corporate Service Company**
      **dba CSC-Lawyers Incorparating Service Company**
      **211 E. 7th Street, Suite 620**
      **Austin, TX 78701**

Notice:
        You have been sued.  You may employ an attorney.  If you or your Attorney do not file a written answer with the Clerk who issued this Citation by **10:00 a.m.** on the Monday next following the expiration of 20 days after you were served this **Citation and Plaintiff's Original Petition**, a Default Judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Suite 500, Angleton, TX  77515-4678 or by bringing said answer in person to the aforementioned address.

        The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, 77515 and was filed on the **3rd day of May, 2022.**

        The name and address of the attorney filing this action (or party, if pro se') is **Savannah Robinson, 1822 Main Street, Danbury, Texas 77534.**

_____

<u>CERTIFICATE OF DELIVERY BY MAIL</u>

        I hereby certify that **on the 3rd day of May, 2022, at 2:30 p.m.** I mailed to **Ascend Performance Materials Texas, Inc.** by certified mail a true copy of this Citation with a copy of the **Plaintiff's Original Petition** attached hereto.

        Issued under and given under my hand and seal of said Court, at Angleton, Texas, on the **3rd day of May, 2022.**

**DONNA STARKEY, DISTRICT CLERK**
**Brazoria County, Texas**


By _____, Deputy
            Stephanie Nutt

Citation by R/A by Certified Mail

| Certified Article Number |
| --- |
| 9414 7266 9904 2192 8552 41 |
| SENDER'S RECORD |

9590 9266 9904 2192 8552 44

**ORIGINAL**

TRUE & CORRECT COPY ON FILE AT BRAZORIA COUNTY, TEXAS   **POOR ORIGINAL**
DONNA STARKEY, DISTRICT CLERK
1 of 6

Service I.D. No. 228590



FILED
At 2:00 o'clock P M.

MAY 19 2022

*Donna Starkey*
Clerk of District Court Brazoria Co., Texas
BY_____DEPUTY

## CAUSE No. 117724-CV
## 149th District Court
## Ben E. Harris vs. Ascend Performance Materials TX, Inc.

## OFFICER'S RETURN BY MAIL

I hereby certify that on the 6th day of May , 2022 , the Defendant was served by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached thereto.   Return receipt attached hereto.

OR

This citation was not executed for the following reason:

_____

_____

_____

DONNA STARKEY, DISTRICT CLERK

By _____ , Deputy

ATTACH
RETURN
RECEIPT
WITH
ADDRESSEE'S SIGNATURE

Citation by R/A by Certified Mail

Tracking Number: 9414726699042192855241

Your item was picked up at a postal facility at 6:51 am on
May 6, 2022 in AUSTIN, TX 78701.

USPS Tracking Plus® Available ⌄

**Status**

☑ **Delivered, Individual Picked Up at Postal Facility**

May 6, 2022 at 6:51 am
AUSTIN, TX 78701

Get Updates ⌄

Delivered

TRUE & CORRECT COPY ON FILE AT BRAZORIA COUNTY, TEXAS
DONNA STARKEY, DISTRICT CLERK
3 of 6

Return Receipt (Form 3811) Barcode

**COMPLETE THIS SECTION ON DELIVERY**

| A. Signature | ☐ Agent |
| X     Viva Tejas Logistics (VAC) | ☐ Addressee |

‖‖‖‖‖‖‖ barcode ‖‖‖‖‖‖‖

9590 9266 9904 2192 8552 44

| B. Received by (Printed Name) | C. Date of Delivery |

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

Carlos Mendez

# POOR ORIGINAL

1. Article Addressed to:

Ascend Performance Materials Texas, Inc.
By serving it's Registered Agent
dba CSC - Lawyers Incorparating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701

3. Service Type:
☒ Certified Mail

Reference Information
117724-CV        149th District Court

Stephanie Nutt    Service ID #228590

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2192 8552 41

PS Form 3811, Facsimile, July 2015

Domestic Return Receipt

## USPS TRACKING #



9590 9266 9904 2192 8552 44



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service®**

• Sender: Please print your name, address and ZIP+4® below •

FILED
MAY 19 2022
2.00 o'clock P.M.

**DONNA STARKEY**
**BRAZORIA COUNTY DISTRICT CLERK**
**111 E LOCUST STE 500**
**ANGLETON TX 77515-4642**

TRUE & CORRECT COPY ON FILE AT BRAZORIA COUNTY, TEXAS
DONNA STARKEY, DISTRICT CLERK
5 of 6

THE STATE OF TEXAS      }

COUNTY OF BRAZORIA   }

I, DONNA STARKEY, Clerk of the District Court within and for Brazoria County, Texas, do hereby certify that the above and foregoing is a true and correct copy of Citation Return in Cause No. 117724-CV, styled Ben E. Harris vs. Ascend Performance Materials TX, Inc. as the same appears on the file in the Office of the Clerk of the District Court of **Brazoria County, Texas.**

Given under my hand and the seal of said Court on this 27th day of May, 2022.

DONNA STARKEY
Clerk, District Court,
Brazoria County, Texas

Digitally signed by Lauren Ortiz
Date: 2022.05.27 10:34:30 -05'00'

Lauren Ortiz, Deputy

**EXHIBIT A-3**

## PLEADINGS ASSERTING CAUSES OF ACTION AND ALL ANSWERS

1. Plaintiffs' Original Petition

Filed for Record
5/3/2022 11:32 AM
Donna Starkey, District Clerk
Brazoria County, Texas
117724-CV
Sunnye Wingo, Deputy

Cause No. _____117724-CV_____

| | | |
|---|---|---|
| Ben E. Harris | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 149th the JUDICIAL DISTRICT |
| | § | |
| Ascend Performance Materials TX, Inc., | § | BRAZORIA COUNTY, TX |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Plaintiff Ben E. Harris and files this his Original Petition complaining of Defendant Ascend Performance Materials Texas Inc, and will show the court the following:

## I. JURISDICTION AND VENUE

Discovery should be conducted under Level 2 of the Texas Rules of Civil Procedure. Claimant(s) seek monetary relief over $100,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees.

This Court has jurisdiction over Plaintiff's state and federal claims, under 28 U.S.C. § 1331, 29 U.S.C. § 623 *et seq.*, and supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims.

Venue is proper in this Court under 28 U.S.C. § 1391 (b-d) because the incidents at issue took place in Brazoria County, Texas, and alternatively, Defendant has a corporate presence in Harris County, Texas, both within Brazoria County, and the United States Southern District of Texas.

## II. PARTIES

Plaintiff, Ben E. Harris, is a resident of Brazoria County, Texas. His Social Security number is XXX-XX-X039. His drivers' license number is XXXXX208.

Defendant Ascend Performance Materials Texas, Inc. ("Ascend") is a for-profit foreign limited liability company, believed to be incorporated in Saint Louis, Missouri. Defendant Ascend

1

Performance Materials Texas, Inc. is a foreign company doing business in the state of Texas with significant ties to the state, including corporate offices in Houston, Texas, located at 1010 Travis Street, Suite 900, Houston, Texas, 77002, and 600 Travis Street, Suite 300, Houston, Texas 77002. Defendant Ascend Performance Materials Texas, Inc. may be served through its registered agent for service of process: Corporate Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

At all times material to this suit, Defendant Ascend was the employer of the Plaintiff.

### III. STATEMENT OF FACTS

Ascend Performance Materials Texas, Inc. is an international chemical production firm with locations in Belgium, Shanghai, five other locations within the United States, and corporate locations in Houston, Texas. Ascend Performance Materials Texas, Inc. is owned by SK Capital Partners. Cyanco Holding Corporation is a Nevada-based corporation that built and owns the Sodium Cyanide (NaCN) unit within Ascend's "Chocolate Bayou" Alvin, Texas location. Cyanco is owned by Oak Tree Capital.

Although Cyanco owns the unit, Ascend operates, maintains, and staffs the unit with Ascend employees and personnel. The purpose of the NaCN unit is to produce briquettes of hazardous sodium cyanide to be sold to chemical companies that require readily accessible cyanide catalysts for their respective chemical processes, such as the refining of gold.

The NaCN unit was under construction in early 2012, and began production in late 2012. Plaintiff was one of the workers who was instrumental in the start-up of the unit.

The unit was created to produce solid briquettes of sodium cyanide, but as an unwanted side effect, it also produces vast amounts of highly volatile free floating sodium cyanide dust that permeates the air within the unit and saturates the machinery and unit workers

2

employed by Ascend. The quantity of the dust build up is such that purchasing companies have complained to Ascend about the volume of hazardous cyanide dust on the plastic packaging around the briquettes, and have requested that the shipments be cleaned by Ascend employees prior to shipment.

Disturbingly, appropriate "PPE" or personal protective equipment has not been issued to the men who work the bagging and loading areas within this production facility, despite requests by Ascend personnel as far back as 2012. Sodium Cyanide is activated by water. Even the moisture of human sweat or exposed mucus membranes (such as eyes, mouth, nose) will result in activation of the caustic chemical resulting in chemical burns on the skin and degradation of the nervous system. While sodium cyanide disperses and is metabolized quickly within the blood stream, long term exposure is evident in kidney and liver degradation, and severe thyroid and nervous system damage.

Mr. Harris has been working at the plant since 1978, and an employee of Ascend since 1991. Mr. Harris' annual reviews have been excellent, including 2017 (Shift Lead), and 2018 – 2020 (Shift Supervisor). Mr. Harris has received a service award, general acclaim, and celebrated over 30 years with the company.

On or about February 14, 2021, there was a state wide polar vortex causing freezing conditions, a loss of power, and great hardship. The Ascend NACN plant was shut down for approximately a month. In the efforts to re-start the plan, processes were started, tested, and then put into duty. Mr. Harris was the supervisor for the evening shift. The day shift operator turned over the plant to Mr. Harris with a briefing of the status of the startup. Mr. Harris was advised that the crystallizer would be started as soon as the primary pump was tested. Mr. Harris was advised to not add caustic until the next day. Mr. Harris, although a Supervisor, made the extra

3

effort to check for leaks outside due to concerns about the freeze. In the morning, he passed on to the incoming shift that the crystallizer was read for caustic. Although he was available throughout the shift by radio, and otherwise, he received no reports of any problem.

On April 20, 2021, Mr. Harris was called in to a meeting to discuss what had happened. Mr. Harris did not have any indication that he would be the focus of the discussion. He was accused of a lack of leadership because "the start up procedure was not followed." He was demoted with a cut in pay.

However, there was no start up procedure in place at the time of the incident. The "lost faith in your ability to lead and manage a team", was a pretext. The actual reason that Mr. Harris was demoted was to attempt to force him out of the workplace by humiliation. Although humiliated, Mr. Harris made the decision to tough it out, because his retirement was imminent.

The true reason that Ascend targeted Mr. Harris was that he was rapidly eligible for retirement due to his age and tenure.

Mr. Harris was made to perform manual labor unsuited to his education, expertise, experience, and physical abilities.

Beginning in 2005, Mr. Harris has suffered from a chronic back injury. He received multiple injections for pain management. Ascend was aware of his limitations.

Nevertheless, Ascend put Mr. Harris in a manual labor position, loading trucks and railway cars, which would foreseeably re-injure his back. As would be expected, Mr. Harris did re-injure his back. Mr. Harris has suffered medical costs, including co-pay, prescriptions, time off, and will be disabled for the immediate future by surgery.

IV.

**DISCRIMINATORY DEMOTION PURSUANT TO**

4

**AGE DISCRIMINATION IN EMPLOYMENT ACT 29 U.S.C. §623** *et seq.*
**& CAT'S PAW THEORY**

**Exhaustion of Administrative Remedies:**

**Charge of Discrimination filed: August 19, 2021**

**Fight to Sue granted: April 7, 2022**

**This suit filed: May 3, 2022.**

Mr. Harris is a member of a protected class, over the age of 40. He is older than men working in either the Shift Lead, Shift Supervisor, or manual labor positions. With his tenure, he has a better than average knowledge of the processes needed to restart the NACN plant. He was falsely accused of endangering the plant and other workers, when there was no caustic in the system that could have injured either the plant or other workers. He was falsely accused of failing to follow a standard procedure, when there was not a standard procedure for restarting after a major freeze and month long shut down. A motivating factor was Mr. Harris' age and tenure resulting from age, with his impending retirement.

Ascend has written guidelines for discipline of employees. The "Guide to Corrective Action", HR200, has a scaled approach for perceived inadequacies of the performance of employees. Ascend did not follow its own guidelines when it demoted Mr. Harris. In material part the guidelines direct that "No employee will be discharged for poor work performance without prior warning that his/her performance is unsatisfactory and his/her job is at risk…". Mr. Harris was not given a prior warning that his performance was unsatisfactory. In further material part the guidelines direct that "The progressive approach for improving performance should be used in most cases. Supervisors should work in conjunction with Human Resources to modify the process to reflect mitigating circumstances or the employee's relevant work history." Mr. Harris' tenure,

5

expertise, and the lack of immediate danger to the plant or others, were not considered in the determination to demote Mr. Harris.

## V.
### Violations of Section 451.001, et seq, of the Texas Labor Code.

The conduct of Defendant Ascend as alleged above, is further in violation of the Texas Workers' Compensation Retaliation Statute, Texas Labor Code 451.001, et seq, which states, in pertinent part:

> § 451.001. Discrimination Against Employees Prohibited
> A person may not discharge or in any other manner discriminate against an employee because the employee has:
> (1) filed a workers' compensation claim in good faith;
> (2) hired a lawyer to represent the employee in a claim;
> (3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or
> (4) testified or is about to testify in a proceeding under Subtitle A.

There is no administrative procedures that is required to be exhausted prior to filing such a claim. Alternatively, all procedures prior to filing suit have been performed or have occurred.

Mr. Harris had a chronic back condition which required regular medical care. When Ascent made the decision to demote Mr. Harris to manual labor, it know, or in a reasonable exercise of care should have known, that he would be injured by that labor.

A motivating factor in the demotion of Plaintiff was his filing of an OSHA reportable, on-the-job injury resulting in a workers compensation claim. Defendant Ascend seeks to maintain its highly solicited rating with OSHA. Truthful reporting of the conditions, injuries, and falsifications of reports will jeopardize this coveted rating. However, failing to truthfully record injuries such as those sustained by Plaintiff, subjects the injured workers to loss of benefits, including promotion opportunities, cost of medical care, and other lost benefits.

6

Defendant's retaliatory conduct included the pitifully inadequate investigation into Plaintiffs injuries, the disregard of Plaintiff, plaintiff's co-workers, and plaintiff's doctors' statements, the creation of a new process for interviewing applicants, disregarding Ascend's own policies for reporting and handling workers compensation claims, disregarding Ascend's own policies for staffing and promotion, disregarding OSHA and TWC requirements for reporting claims, and failing to promote Plaintiff who was clearly better qualified that the other candidates for promotion. This is an ongoing and pervasive, hostile atmosphere, which originated in 2013 and continues to the present. The current hostility to Mr. Harris' chronic condition and re-injury is a further and additional incident demonstrating this pervasive retaliation.

## VI.
## DAMAGES

As a direct and proximate result of the above complained of conduct, Plaintiff has been denied the chance to advance his career and obtain benefits that he was eligible for in his position as Shift Supervisor, along with according pay and bonus options. Plaintiff has further been subjected to a hostile work environment, and discrimination and retaliation because of his age, as well as his re-injury.

LOST EARNING, FUTURE LOST EARNINGS AND SPECIAL DAMAGES

At the time of the incident and conduct complained of herein, Ben Harris was gainfully employed by Defendant. As a direct and proximate result of the wrongful acts, practices and omissions as alleged herein, Ben Harris demoted and thereby suffered a loss of income for which he sues.

As a result of the wrongful acts, practices and omissions as alleged herein, Ben Harris' earnings (including annual bonuses), retirement benefits, and capacity to earn a livelihood were severely impaired. Ascend provides health insurance, life insurance, vision insurance, dental

7

insurance, similar insurance for his wife, tax deferred savings, 401(k) savings, and additional benefits that can be used for mental health treatment. The additional cost of attempting to procure similar benefits as an individual through the marketplace is prohibitive.

In all reasonably probability, Ben Harris's loss of earnings and loss of earnings capacity will continue long into the future, if not for the balance of Ben Harris's natural life.

Ben Harris thus seeks lost earnings in the form of back pay, lost wages, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earnings capacity, and such other and further pecuniary losses to which he may show himself entitled.

PAST AND FUTURE MENTAL ANGUISH

As a direct and proximate result of the wrongful acts, practices and omissions as alleged herein, Ben Harris has suffered physical injury, sickness, and/or illness as well as severe emotional and mental pain and anguish, grief, humiliation, embarrassment, and anxiety. Ben Harris has suffered feeling of anxiety, worthlessness, embarrassment and inferiority. Ben Harris has further suffered ill effects including, but not limited to depression, anxiety restlessness, disruption of his daily schedule, sleeplessness, and loss of self-esteem due to the wrongful acts, practices and omissions as alleged herein. In all reasonable probability, Ben Harris will continue to suffer such severe mental and physical anguish for a long time in the future, if not for the balance of his natural life.

COSTS OF MEDICAL CARE

As a direct and proximate result of the wrongful action, practices and omissions as alleged here, Ben Harris has suffered physical injury that required medical care. Mr. Harris seeks reimbursement for the costs of medical care, disfigurement, disability, and lack of earning capacity.

8

ATTORNEYS FEES

Ben Harris is entitled to recover attorneys' fees in a sum that is reasonable because suit was necessary to address the wrongful acts, practices and omissions as alleged herein, and recover his losses. Ben Harris has retained the undersigned attorneys to assist him in the prosecution of his claims.

Further, Ben Harris seeks an upward adjustment or enhancement to the "lodestar" amount of attorneys fees to be determined in the prosecution of this suit. A reasonable attorneys' fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any appeals.

Further, Ben Harris seeks recovery for the reasonable and necessary costs of suit, the use of associate attorneys, paralegals, and/or law clerks who participate in the prosecution of this suit. As permitted, Ben Harris seeks to re-coup all litigation expenses expended in the prosecution of this cause.

EXEMPLARY DAMAGES

The conduct of Defendant, as further alleged herein, was carried out and constituted such an entire want of care as to constitute conscious indifference to the rights and welfare of Ben Harris. Because of the intent held by Defendant, and its agents, servants, officers, and employees, toward Ben Harris, Defendant has acted in a reckless or willful and intentional manner, and committed the acts and omission complained of, which were calculated to cause injury, suffering and damage to Ben Harris.

Accordingly, Defendant acted with malice, actual malice and/or specific intent to injure Ben Harris. Ben Harris is entitled to recover exemplary or punitive damages to deter such cruel, discriminatory, and undignified treatment in the future. Accordingly, Ben Harris request that

9

punitive damages be awarded against Defendant in an amount that the jury determines is just.

## VII.
## JURY DEMAND

Ben Harris demands his right to trial by jury. Ben Harris requests that this case be set for

trial at the earliest possible convenience of the court.

## VIII.
## REQUEST FOR DISCOSURES

Plaintiff requests that you file the mandatory disclosures required by Texas Rules of Civil

Procedure Rule 194 and 195.


                                        Respectfully Submitted,

                                        _/s/ Savannah Robinson____
                                        Savannah Robinson
                                        ATTORNEY IN CHARGE
                                        FOR PLAINTIFF
                                        SBN: 17108150
                                        Fed. ID: 5922
                                        1822 Main Street
                                        Danbury, Texas 77534
                                        Phone: (979)922-8825
                                        savannahrobinson@aol.com

TRUE & CORRECT COPY ON FILE AT BRAZORIA COUNTY, TEXAS
DONNA STARKEY, DISTRICT CLERK
10 of 12

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Savannah Robinson on behalf of Savannah Robinson
Bar No. 17108150
savannah@savannah-robinson.com
Envelope ID: 64131467
Status as of 5/3/2022 11:40 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Savannah LRobinson | | savannahrobinson@aol.com | 5/3/2022 11:32:02 AM | SENT |

THE STATE OF TEXAS          }

COUNTY OF BRAZORIA     }

I, DONNA STARKEY, Clerk of the District Court within and for Brazoria County, Texas,

do hereby certify that the above and foregoing is a true and correct copy of Plaintiff's

Original Petition in Cause No. 117724-CV, styled Ben E. Harris vs. Ascend

Performance Materials TX, Inc. as the same appears on the file in the Office of the

Clerk of the District Court of Brazoria County, Texas.

      Given under my hand and the seal of said Court on this 27th day of May, 2022.

                                        DONNA STARKEY
                                        Clerk, District Court,
                                        Brazoria County, Texas

Digitally signed by
Lauren Ortiz
Date: 2022.05.27
10:28:28 -05'00'

Lauren Ortiz, Deputy

**EXHIBIT A-4**

**<u>ALL ORDERS SIGNED BY THE STATE COURT JUDGE</u>**

None.

**EXHIBIT A-5**

**<u>DOCKET SHEET</u>**

# CIVIL DOCKET - CAUSE NO.  117724-CV   . 149th District Court

| NAMES OF PARTIES | ATTORNEYS | | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| **Ben E. Harris**<br>**vs.**<br>**Ascend Performance Materials TX, Inc.** | SAVANNAH ROBINSON | | **Employment** | 05/03/2022 |
| | | | | Jury Fee Paid: $ |
| | | –Def Atty | | Paid by:<br>Date: |

| DATE | ORDERS |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

TRUE & CORRECT COPY ON FILE AT BRAZORIA COUNTY, TEXAS
DONNA STARKEY, DISTRICT CLERK
1 of 2

Docket sheet front

THE STATE OF TEXAS      }

COUNTY OF BRAZORIA   }


I, DONNA STARKEY, Clerk of the District Court within and for Brazoria County, Texas,

do hereby certify that the above and foregoing is a true and correct copy of Docket

Sheet in Cause No. 117724-CV, styled Ben E. Harris vs. Ascend Performance Materials

TX, Inc. as the same appears on the file in the Office of the Clerk of the District Court of

Brazoria County, Texas.

      Given under my hand and the seal of said Court on this 27th day of May, 2022.

DONNA STARKEY
Clerk, District Court,
Brazoria County, Texas

Digitally signed by
Lauren Ortiz
Date: 2022.05.27
10:32:06 -05'00'

Lauren Ortiz, Deputy

**EXHIBIT A-6**

**COUNSEL OF RECORD**

*Attorney for Plaintiff Ben E. Harris:*

Savannah L. Robinson
Texas Bar No. 17108150
1822 Main Street
Danbury, Texas 77534
savannahrobinson@aol.com
(979) 922-8825 (Tel)

*Attorneys for Defendant Ascend Performance Materials TX, Inc.:*

Rachel Powitzky Steely
Attorney in Charge
Texas Bar No. 16143400
rsteely@foley.com
Taylor Appling
Texas State Bar No. 24092628
Email: tappling@foley.com
**FOLEY & LARDNER LLP**
1000 Louisiana Street, Suite 2000
Houston, Texas 77002-5007
Telephone:      (713) 276-5500
Facsimile:      (713) 276-5555