Case 3:22-cv-00178   Document 56   Filed on 01/23/24 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 23, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas
## Galveston Division

No. 3:22-cv-178

Ben E. Harris, *Plaintiff*,

v.

Ascend Performance Materials TX, Inc., *Defendant*.

## MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, *United States District Judge*:

Before the court are competing motions for partial summary judgment on the viability of Harris' claims for retaliation under the Texas Workers' Compensation Act ("TWCA"). Having reviewed the motions, the summary-judgment record, and the applicable law, the court will grant the defendant's motion, Dkt. 33, and denies the plaintiff's motion, Dkt. 28.

## I.   Background

Ascend Performance Materials, TX, Inc., is an international company that operates, maintains, and staffs a chemical-production facility in Alvin. Dkt. 8 ¶¶ 7–8. Ben Harris has worked at this facility since 1991. *Id.* ¶¶ 4, 10. In 2017, Harris suffered a neck and back injury in an accident at his home.

Dkt. 8 ¶ 11. Harris told Ascend about the injury and sought treatment. *Id*; Dkt. 33 ¶ 2.

In February 2021, a historic storm—Winter Storm Uri—hit Texas and forced Ascend to shut down one of its plants. Dkt. 8 ¶ 13. A few weeks later, Ascend tasked Harris with managing the restart procedure for the crystallizer equipment at the plant. *Id.* ¶ 13. The restart did not go to plan. Dissatisfied with Harris's management of the procedure, Ascend demoted him from "Shift Lead" to "Processor" in April 2021. *Id.* ¶ 14; Dkt. 33-2.

In this new role, Harris was assigned to increased amounts of manual labor, which aggravated his back injury in the fall of 2021. *Id.* ¶ 18–19. He was eventually prescribed hydrocodone and placed on short-term disability. *Id.* After undergoing back surgery, Harris applied for long-term disability benefits and was then terminated pursuant to Ascend policy. Dkts. 33 ¶ 12; 33-5.

Harris initiated this action in Texas state court, and Ascend timely removed. Dkt. 1. In his first amended complaint, Harris brings discrimination claims under the Age Discrimination and Employment Act and retaliation claims under Texas Labor Code § 451.001. Dkt. 8. On July 18, 2023, Ascend informed Harris that it would file a workers' compensation claim for his injury. Dkt. 38 ¶ 2.

## II.  Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). For each cause of action moved on, the movant must set forth those elements for which it contends no genuine dispute of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to offer specific facts showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But when the nonmoving party has failed "to address or respond to a fact raised by the moving party and supported by evidence," then the fact is undisputed. *Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb.

28, 2017). "Such undisputed facts may form the basis for summary judgment." *Id.*

## III. Evidentiary Objections

In support of his response, Harris attaches a personal affidavit ("Harris Declaration"), Dkt. 38-3, and a report from Caldwell Fletcher, an expert witness ("Fletcher Report"). The Fletcher Report, prepared by a licensed attorney, provides an "opinion regarding whether Ascend Performance Materials complied with the standards imposed on Texas Workers' Compensation subscribing employers." Dkt. 38-4. Ascend moves to strike both the Harris Declaration and the Fletcher Report from the summary-judgment record because of hearsay, lack of foundation, and improper legal conclusions.

At the summary-judgment stage, parties may use documents and other materials to support their contentions that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1)(a). Evidence cited to dispute a fact "need only be *capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)(2)). Although the substance of the evidence used to "dispute a fact on summary judgment must be admissible," a party may present it in a form that would not be admissible at trial. *Lee v.*

*Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017) (quoting 11 MOORE'S FEDERAL PRACTICE-CIVIL ¶ 56.91 (2017)).

The court will deny Ascend's motion as to the Harris Declaration but grant it as to the Fletcher Report. The Harris Declaration contains several statements of Harris's personal recollection of the events of this case. Dkt. 38-3. Though Ascend complains the declaration contains statements of hearsay, Harris can relay these personal understandings of events in an admissible form at trial. *Heller v. Shahroodi*, No. H-17-2544, 2019 WL 1556315, at *3 (S.D. Tex. Feb. 20, 2019) ("The [c]ourt may consider hearsay at the summary-judgment stage if the hearsay could be reduced to a form admissible at trial.").

As for the Fletcher Report, it is well settled in the Fifth Circuit that "[u]nsworn expert reports . . . do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment." *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001). The Fletcher Report is not sworn, and Harris has done nothing to remedy this clear defect. *See* Dkt. 43 at 2 ("The report is not an affidavit."). Accordingly, the court strikes the Fletcher Report, Dkt. 38-4, from the summary-judgment record.

## IV. Analysis

Ascend has moved to dismiss Harris's claims made under Texas Labor Code § 451.001, known as the Anti-Retaliation Law. Dkt. 33. The purpose of § 451.001 is "to protect persons entitled to benefits under the [TWCA] and to prevent them from being discharged for filing claims to collect those benefits." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 243 (5th Cir. 2015) (citing *Trico Techs. Corp. v. Montiel*, 949 S.W.2d 308, 312 (Tex. 1997) (per curiam)). The TWCA provides that an employer may not "discharge or in any other manner discriminate" against an employee who has instituted a proceeding under the act. Tex. Labor Code § 451.001. Harris alleges Ascend wrongfully retaliated against him by (1) failing to timely report his injury to the workers' compensation carrier, and (2) failing to consider him for a lateral transfer.

### A. Failure to Timely Report Workplace Injury

The TWCA requires employers to file a notice of an employee's workers' compensation claim with the employer's insurance carrier within eight days of a work-related accident if the employee misses more than one day of work as a result of the accident. Tex. Labor Code § 409.005. "This is a critical step in ensuring that an injured worker timely receives workers' compensation benefits." *Texas Dep't of Fam. & Protective Servs. v. Parra*,

503 S.W.3d 646, 662 (Tex. App.—El Paso 2016, pet. denied). Although Harris allegedly suffered an on-the-job injury in August of 2021, Ascend did not file a workers' compensation claim until July of 2023. Dkt. 38 ¶ 2; Dkt. 38-3.

Harris claims that Ascend's failure to timely report his injury under § 409.005 forced him to use his own health insurance for treatment. Dkt. 36 ¶ 10. Harris now seeks "the co-pays, and amount of medical bills that Blue Cross/Blue Shield failed to pay, and which would have been covered if Ascend [had] timely filed a workers' compensation claim." Dkts. 36 ¶ 10; 38 ¶ 17. According to Harris, this delay was an intentional retaliation for his reporting of the injury, and he is entitled to damages under the Anti-Retaliation Law. Dkt. 8 ¶ 27. In response, Ascend maintains that Harris's recovery of personal-injury damages for retaliation is barred by the TWCA's exclusivity provision. Dkt. 33 ¶ 2. Harris contends this defense is wholly inapplicable and thus should be stricken as an affirmative defense. Dkt. 28.

The exclusivity provision states the "[r]ecovery of workers' compensation benefits is the *exclusive remedy* of an employee covered by workers' compensation insurance coverage . . . against the employer . . . for the death of or a work-related injury sustained by the employee." Tex. Labor Code § 408.001(a) (emphasis added). The exclusive-remedy provision is an

affirmative defense an employer must plead and prove. *Exxon Corp. v. Perez*, 842 S.W.2d 629, 630 (Tex. 1992). To invoke § 408.001's protections, the employer must show the injured worker was: (1) an employee of the company at the time at which the work-related injury occurred, and (2) covered by workers' compensation insurance. *Garza v. Exel Logistics, Inc.*, 161 S.W.3d 473, 475 (Tex. 2005). The parties do not dispute that: (1) Harris was an employee of Ascend at the time of the injury, and (2) Harris was covered by workers' compensation insurance. Dkt. 28 ¶ 3; 33 ¶¶ 18–21. The parties disagree, however, on whether the exclusivity provision applies to Ascend's first alleged act of retaliation—failure to timely report the injury.

The exclusivity provision does not act as a "total bar to recovery of physical[-]impairment damages under § 451.001." *Conex Int'l Corp. v. Cox*, 18 S.W.3d 323, 327 (Tex. App.—Beaumont 2000, pet. denied). Rather, a plaintiff's acceptance of workers' compensation benefits for a workplace injury "bar[s] said plaintiff from any wrongful discrimination damages not fully *separate and independent* from the injury damages." *Id.* (emphasis added). In other words, Harris must prove the injuries that resulted from the alleged retaliation are "independent, separate, and distinct" from his injuries covered by workers' compensation. *Sowell v. Dresser Industries, Inc.*, 866 S.W.2d 803, 812 (Tex. App.—Beaumont 1993, writ denied); *see also Hogue*

*v. Sam's Club*, 114 F. Supp. 2d 389, 394 (D. Md. 2000), *aff'd*, 24 F. App'x 221 (4th Cir. 2002) ("The apparent primary import is that, under Texas law, the plaintiff cannot recoup double damages for the same physical injury under the state workers' compensation act and the state anti-discrimination statute.").

For example, a retaliatory termination which leads to lost wages clearly creates damages distinct from the on-the-job injury. *See Salas v. Fluor Daniel Servs. Corp.*, 616 S.W.3d 137, 148 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) ("The Legislature's purpose in enacting section 451.001 was to protect persons entitled to benefits under the Workers' Compensation Act from being discharged for exercising their statutory rights and seeking to collect those benefits."). Discriminatory acts short of termination may also qualify as retaliation under § 451, but the harm that results must still be separate and distinct from the original injury. *See Allen v. CVS Pharmacy, Inc.*, No. 4:12-CV-1066, 2013 WL 3873239, at *5 (S.D. Tex. July 25, 2013).

Here, under his first retaliation claim, Harris seeks damages for personal injuries and medical expenses that stem wholly from the back injury that is currently being processed as a workers' compensation claim. Dkt. 33 ¶¶ 22–23. These injuries may later be recovered under the TWCA. *See* Tex.

Labor Code § 408.021. These damages do not meet the independent-injury requirement. Harris is "limited to one workers' compensation recovery for the same injury. Another recovery under the guise of a discrimination claim would be a double recovery under the act. Double recovery is not permitted." *Nash v. Northland Communications Corp.*, 806 S.W.2d 952, 953 (Tex. App.—Tyler 1991, writ denied). While a delay in reporting an injury may occasionally give rise to distinct injuries *not* covered by workers' compensation, this is not such a case. *See Warnke v. Nabors Drilling USA, L.P.*, 358 S.W.3d 338, 343 (Tex. App.–Houston [1st Dist.] 2011, no pet.) (identifying a distinct injury when employer's delay in reporting injury forced employee to take out a loan and suffer distinct economic injuries).

Without proof of separate and independent injury, a failure to timely report an injury under § 409.005 falls within the protection of the TWCA's exclusivity provision. *See Regalado v. H. E. Butt Grocery Co.*, 863 S.W.2d 107, 110 (Tex. App.—San Antonio 1993, no writ) ("[T]he failure to file an injury report in compliance with [the predecessor statute to § 409.005] does not constitute a waiver of the Act's protections."); *Hand & Wrist Ctr. of Houston, P.A. v. SGS Control Servs., Inc.*, 409 S.W.3d 743, 750–51 (Tex. App.–Houston [1st Dist.] 2013, no pet.) ("An employer's failure to provide the required injury report to its insurance carrier pursuant to section

409.005 does not forfeit the employer's protections under the Workers' Compensation Act."). Harris has not alleged a viable retaliation claim for Ascend's failure to adhere to the reporting requirements of section § 409.005.

## B. Failure to Transfer

In his first amended complaint, Harris asserted that Ascend also retaliated against him by "disregarding Ascend's own policies for staffing and promotion" and by "failing to promote [Harris] who was clearly better qualified than the other candidates." Dkt. 8 ¶ 27. However, Harris has since clarified that he was not "denied a promotion" but rather "was not considered for a lateral transfer." Dkt. 38 ¶ 33. In short, Harris alleges the decision to demote him in April 2021—instead of laterally transferring him to a vacant position—was retaliatory.* *See* Dkt. 8 ¶¶ 14–16.

This retaliation claim founders on basic causation. To prevail on a workers' compensation retaliation claim, an employee must prove that he or she: (1) engaged in activity protected by the Texas workers' compensation statute; (2) was discharged or otherwise discriminated against; and (3) would not have been discharged or suffered the adverse employment action

---

* Harris also asserts this demotion was wrongful age discrimination. *See* Dkt. 8 ¶¶ 17, 22. The court does not comment on that claim as it is not before the court in this motion.

at issue when he did "but for" his engaging in protected activity. *Parker v. Valerus Compression Services, LP*, 365 S.W.3d 61, 66 (Tex. App.—Houston [1st Dist.] 2011, pet. denied). The employee must establish a causal link between the discriminatory action and protected conduct under § 451. *Salas v. Fluor Daniel Servs. Corp.*, 616 S.W.3d 137, 148 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

The demotion and denial of lateral transfer occurred in April 2021. Dkt. 8 ¶ 16. The alleged on-the-job injury occurred in August 2021. Dkt. 8 ¶ 18. At the time of the demotion, Ascend was aware of Harris's *at-home* back injury, but he had yet to suffer an *on-the-job* injury or file a workers' compensation complaint. *See* Dkts. 8 ¶¶ 11, 14, 15; 38 ¶ 32. Though § 451.001 does not require an employee to actually file a workers' compensation claim, an employee must take some affirmative steps towards pursuing a claim to fall under the Act's protection. *Salas*, 616 S.W. 3d at 149; *Palmer v. Miller Brewing Co.*, 852 S.W.2d 57, 60-61 (Tex. App.—Fort Worth 1993, writ denied) (allowing retaliation claim "so long as the evidence shows that the employee took steps towards instituting a compensation proceeding."). There is no evidence that Harris took any steps towards filing a workers' compensation claim before the alleged retaliatory act in April 2021 because he did not suffer an on-the-job injury until August 2021. Dkt. 8 ¶ 18.

To the extent Harris previously alleged that either Ascend's failure to promote him back to Shift Lead or Ascend's decision to terminate him was retaliatory, those claims have been abandoned. Dkt. 38 ¶¶ 33–39; *see Terry Black's Barbeque, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."). Harris fails to maintain a viable claim for retaliation under § 451.001 for his demotion in April 2021.

\*   \*   \*

The court grants Ascend's motion for partial summary judgment. Dkt. 33. All claims of retaliation brought under Texas Labor Code § 451.001 are dismissed.

Signed on Galveston Island this 23d day of January, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE